[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action to recover the balance due on a home improvement contract, the defendants move for summary judgment and to discharge the mechanic's lien on the grounds that the contract violates the Home Improvement Act, Conn. Gen. Stat. § 20-418, et. seq., in that (1) the subject contract does not have a valid starting and completion date and (2) the plaintiff failed to obtain a valid building permit.
The facts are as follows:
The parties entered into a certain contract to build a two car garage on the premises of the defendant Caryl Williams on December 29, 2000. The contractor provides that the estimated start date is "1/27/00" and estimated completion date is "4/31/00." The defendant subcontracted with D P General Contractors to do much of the work and D P obtained a building permit on January 12, 2001 to construct the garage at the residence of the defendant, 30-32 Harding Avenue, Bloomfield, Connecticut. However, the application for the permit did not contain an affidavit by the owner of the premises stating that the proposed work was authorized by the owner and that the applicant was authorized to make the application.
 I. Defect In Starting and Completion Dates.
The contract is dated December 29, 2000 and the starting and completion dates are January 27, 2000 and April 31, 2000. Clearly a mistake was made by both parties not taking into account that the year had changed after December 2000. Since intent of the meaning of the contract is a matter of fact, the testimony would likely indicate that both parties intended the starting and completion date to be in 2001. Consequently, the granting of a motion for summary judgment is not appropriate in this case.
 II. Defect in the Application of the Building Permit.
CT Page 14001
Section 20-427 (i) provides that no home improvement contractor shall commence work unless a building permit has been obtained. Here a building permit was obtained but the application for it did not comply with Section 107.3 of the Code adopted by the Building Officials and Administrators International (BOCA) in that the application for the permit was not accompanied by a signed statement by the owner of the premises to the effect that the proposed work is authorized by the owner and the applicant is authorized to make the application. While the failure to obtain a building permit may be the basis for denying a home improvement contractor the right to recover on the contract, Kronberg Bros., Inc. v.Steele, 28 Conn.L.Rptr. 558, (Demaio, J. Nov. 8, 2000), a defect in the application for the building permit, where one had been obtained, does not justify discharging the obligation of the property owner under the Home Improvement Act.
As the Supreme Court said in Wright Bros. Builders, Inc. v. Dowling,247 Conn. 218, 231 (1998).
"In light of our prior interpretations of Section 20-429 (a) and the legislative history of that subsection, we conclude that a construction that would require technically perfect compliance with each subsection [of the Home Improvement Act] is inappropriate. Rather, an interpretation of that section that acknowledges and furthers the remedial purposes of the statute is in order."
Based on the foregoing, this court denies defendants' motion for summary judgment and discharge of the mechanic's lien.
BY THE COURT
 ___________________ Robert Satter, J.T.R.
CT Page 14002